UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:19-cr-00318 |
| | ) | |
| | ) | JUDGE TRAUGER |
| CALVIN BRIGHT | ) | |

PRELIMINARY ORDER OF FORFEITURE

Based on the Superseding Information and the representations and agreements of the United States of America and the Defendant in this matter, as evidenced by the plea / plea agreement and the factual basis thereof / and the consent of the defendant at the plea hearing, the Court finds as follows:

WHEREAS, on October 19, 2020, the United States filed a Superseding Information charging Calvin bright with possession of a stolen firearm in violation of 18 U.S.C. § 922(j).

WHEREAS, the Forfeiture Allegation of the Indictment gave notice, pursuant to Fed. R. Crim. P. 32.2 and 18 U.S.C. § 924(d) by 28 U.S.C. § 2461(c), that upon conviction of possession of a stolen firearm, Defendant shall forfeit his interest in any firearm or ammunition involved in or used in a knowing violation of the 18 U.S.C. § 922(g) offense, including a [use the description of the property including ammunition from the Indictment] (collectively "Subject Property").

WHEREAS, Defendant had notice of the intent of the United States to forfeit the Subject Property and has had an opportunity to be heard on this matter.

WHEREAS, on October 30, 2020, Defendant entered a plea of guilty to a violation of 18 U.S.C. § 922(j), and the Court has accepted the plea of guilty and reserved acceptance of the Plea Agreement until sentencing, which is currently set for March 10, 2021.

WHEREAS, Defendant has admitted the factual basis supporting the plea and acknowledges the Subject Property is forfeitable to the United States.

WHEREAS, there is a preponderance of the evidence that the Subject Property is subject to forfeiture because it is a firearm or ammunition involved in or used in a knowing violation of the 18 U.S.C. § 922(g).

NOW THEREFORE it is hereby ORDERED that:

A. A Preliminary Order of Forfeiture—extinguishing Defendant Markesha Parker's interest in the Subject Property and vesting it in the United States—is hereby taken against Calvin Bright. The Subject Property shall be seized by the Attorney General or his designee and shall be turned over by any property custodian in possession thereof to the Attorney General or his designee.

B. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, and shall be made part of the sentence and included in the Judgment in a Criminal Case, specifically or by reference herein.

C. Upon entry of this Preliminary Order of Forfeiture, the Attorney General (or his designee) shall commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

D. Pursuant to 21 U.S.C. § 853(n), any person, other than the above named Defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the Subject Property. The hearing shall be held before the court alone, without a jury.

E. If no third-party files a timely claim, this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

F. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

G. Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure if the Court determines that such discovery is necessary or desirable to resolve factual issues.

H. Pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided by 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

I. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
United States District Court Chief Judge

APPROVED FOR ENTRY:

MARY JANE STEWART
Acting United States Attorney
Middle District of Tennessee

s/Joshua A. Kurtzman
JOSHUA A. KURTZMAN
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
615-736-5151
Attorney for the United States of America